# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
11/12/2021
CT Log Number 540576556

TO: Juliet Grimson
Health Net, Inc.
21281 BURBANK BLVD STE 106
WOODLAND HILLS, CA 91367-6607

**RE:  Process Served in California**

FOR: Health Net Life Insurance Company  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JASON WARNER, an individual vs. HEALTH NET OF CALIFORNIA, INC. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV41356 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/12/2021 at 02:02 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/12/2021, Expected Purge Date: 11/17/2021<br><br>Image SOP<br><br>Email Notification,  Susan Mcconnell  susan.mcconnell@centene.com<br><br>Email Notification,  Juliet Grimson  Juliet.L.Grimson@healthnet.com<br><br>Email Notification,  Pam Peterson  ppeterson@centene.com<br><br>Email Notification,  Millie Roman  millie.roman@wellcare.com<br><br>Email Notification,  Kenia Arauz  kenia.y.arauz@centene.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)

Page 1 of  2 / DN

 CT Corporation

**Service of Process
Transmittal**
11/12/2021
CT Log Number 540576556

**TO:**      Juliet Grimson
Health Net, Inc.
21281 BURBANK BLVD STE 106
WOODLAND HILLS, CA 91367-6607

**RE:**      **Process Served in California**

**FOR:**     Health Net Life Insurance Company  (Domestic State: CA)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**  Fri, Nov 12, 2021

**Server Name:**  William Umana

| Entity Served | HEALTH NET LIFE INSURANCE COMPANY |
|---|---|
| Case Number | 21STCV41356 |
| Jurisdiction | CA |



Electronically FILED by Superior Court of California, County of Los Angeles on 11/10/2021 11:54 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Lara, Deputy Clerk
21STCV41356

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HEALTH NET OF CALIFORNIA, INC. a corporation; HEALTH NET LIFE
INSURANCE COMPANY; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JASON WARNER, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of Los Angeles<br>111 N. Hill Street<br><br>Los Angeles 90012<br>Stanley Mosk | CASE NUMBER:<br>*(Número del Caso):*<br>21STCV41356 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott H. Carr, Esq. (SBN 15664) Christian Nickerson, Esq. (SBN 281084) 310.576.1200 310.576.1220
Greene Broillet & Wheeler LLP
222 N. Pacific Coast Highway, Suite 2100, El Segundo, CA 90245

| DATE: 11/10/2021 | Clerk, by | J. Lara | , Deputy |
|---|---|---|---|
| *(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: HEALTH NET LIFE INSURANCE COMPANY

    under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Maurice Leiter

1  **GREENE BROILLET & WHEELER, LLP**
LAWYERS
100 WILSHIRE BOULEVARD, SUITE 2100

2  P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131
TEL. (310) 576-1200

3  FAX. (310) 576-1220
SCOTT H. CARR, SBN 156664 (scarr@gbw.law)

4  CHRISTIAN T. F. NICKERSON, SBN 281084 (cnickerson@gbw.law)

(SPACE BELOW FOR FILING STAMP ONLY)

5  Attorneys for ___Plaintiffs_____

6

7

8  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  FOR THE COUNTY OF LOS ANGELES

10

11  JASON WARNER, an individual,

CASE NO. 21STCV41356

12  Plaintiff,

COMPLAINT FOR DAMAGES

13  vs.

**1. Breach of Written Contract /**

14  HEALTH NET OF CALIFORNIA, INC. a
corporation; HEALTH NET LIFE

**Contractual Duty to Pay a Covered
Claim**

15  INSURANCE COMPANY; and DOES 1
through 50, inclusive,

**2. Breach of the Implied Covenant of
Good Faith and Fair Dealing**

16

**3. Insurance Bad Faith (First Party)**

Defendants.

17

18

19  COMES NOW the plaintiff, JASON WARNER, and for causes of action against

20  DEFENDANT HEALTH NET OF CALIFORNIA, INC. a corporation, HEALTH NET LIFE

21  INSURANCE COMPANY, and DOES 1 through 50, inclusive, and each of them, complains and

22  alleges as follows:

23  **GENERAL ALLEGATIONS**

24  1.    The true names and/or capacities, whether individual, corporate, associate or

25  otherwise, of defendants and DOES 1 through 50, inclusive, are unknown to plaintiff, who

26  therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes, and

27  thereupon alleges, that each defendant fictitiously named herein as a DOE was legally responsible,

28  negligently or in some other actionable manner, for the events and happenings, or lack thereof,

- 1 -
COMPLAINT FOR DAMAGES

1004434

1   hereinafter referred to, and thereby proximately caused the injuries and damages to plaintiff as

2   hereinafter alleged.  Plaintiff will seek leave of court to amend this Complaint to insert the true

3   names and/or capacities of such fictitiously named defendants when the same have been

4   ascertained.

5       2.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned

6   herein, defendants, and each of them, including DOES 1 through 50, inclusive, were the agents,

7   servants, employees and/or joint venturers of their co-defendants, and were as such acting within

8   the course, scope and authority of said agency, employment and/or venture, and that each and

9   every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring

10  of each and every other defendant as an agent, employee and/or joint venturer, and that each and

11  every defendant has ratified and approved the acts of his or her agents, employees and/or joint

12  venturers by and through its officers, directors and/or managing agents.

13      3.     Plaintiff JASON WARNER is an individual who lives in the County of Los Angeles,

14  State of California.   Plaintiff JASON WARNER was a covered person under an insurance

15  contract/policy that GARLAND CONNECT, LLC had with Defendants.

16      4.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned

17  herein, defendant HEALTH NET OF CALIFORNIA, INC. ("HEALTH NET CA") was and now

18  is a California corporation with its principal place of business located at 21271 Burbank Blvd.,

19  Woodland Hills, CA 91367.   Plaintiff is informed and believes and thereupon alleges that

20  HEALTH NET CA is organized and existing under and by virtue of the laws of the State of

21  California, and that said defendant was and now is authorized to do, has regularly done, and is

22  doing the business of insurance in the State of California, and that said defendant was regularly

23  and systematically conducting the business of insurance in the State of California under and by

24  virtue of the laws of the State of California.  Thus, HEALTH NET CA was and is subject to the

25  jurisdiction of this Court.  Said defendant purposely availed itself of the privileges of conducting

26  business activities in the State of California, including, but not limited to, writing a policy and

27  entering into an insurance contract/polucy in California with GARLAND CONNECT, LLC.

28  Plaintiff JASON WARNER was a covered person under that insurance contract/policy.   That

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

- 2 -
COMPLAINT FOR DAMAGES

1004434

1    policy covered various risks, losses, and damages that could have occurred in California, and, did

2    in fact occur in California.   Said Defendant also purposely avails itself of the privileges of

3    conducting business activities and transactions with California by placing their insurance products

4    into the stream of commerce with the expectation that they will be purchased and used by

5    consumers in California.   Indeed, the insurance contract that was breached by HEALTH NET CA

6    was delivered in California, the premiums were sent from California, and the insured Plaintiff is a

7    resident of the State of California.   Plaintiff is further informed and believes and thereupon alleges

8    that there is a substantial nexus between Defendants' California activities and the acts complained

9    of herein, and that the suit is based on a contract that has a substantial connection with the State of

10   California.   The controversy at issue relates to and/or arises out of Defendant's contacts with the

11   State of California and California's jurisdiction over said Defendant in this action comports with

12   fair play and substantial justice.

13        5.        Plaintiff is informed and believes and thereupon alleges that at all times mentioned

14   herein, defendant HEALTH NET LIFE INSURANCE COMPANY ("HEALTH NET LIFE") was

15   and now is a California corporation with its principal place of business located at 21271 Burbank

16   Blvd., Woodland Hills, CA 91367.   Plaintiff is informed and believes and thereupon alleges that

17   HEALTH NET LIFE is organized and existing under and by virtue of the laws of the State of

18   California, and that said defendant was and now is authorized to do, has regularly done, and is

19   doing the business of insurance in the State of California, and that said defendant was regularly

20   and systematically conducting the business of insurance in the State of California under and by

21   virtue of the laws of the State of California.   Thus, HEALTH NET LIFE was and is subject to the

22   jurisdiction of this Court.   Said defendant purposely availed itself of the privileges of conducting

23   business activities in the State of California, including, but not limited to, writing a policy and

24   entering into an insurance contract/policy in California with GARLAND CONNECT, LLC

25   (GROUP ID: DKZ80A, COVERAGE CODE: 2V36).   Plaintiff JASON WARNER was a covered

26   person under that insurance contract/policy.   That policy covered various risks, losses, and

27   damages that could have occurred in California, and, did in fact occur in California.   Said

28   Defendant also purposely avails itself of the privileges of conducting business activities and

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1004434

1    transactions with California by placing their insurance products into the stream of commerce with

2    the expectation that they will be purchased and used by consumers in California.  Indeed, the

3    insurance contract that was breached by HEALTH NET LIFE was delivered in California, the

4    premiums were sent from California, and the insured Plaintiff is a resident of the State of

5    California.  Plaintiff is further informed and believes and thereupon alleges that there is a

6    substantial nexus between Defendants' California activities and the acts complained of herein, and

7    that the suit is based on a contract that has a substantial connection with the State of California.

8    The controversy at issue relates to and/or arises out of Defendant's contacts with the State of

9    California and California's jurisdiction over said Defendant in this action comports with fair play

10   and substantial justice.

11       6.    Plaintiff underwent health / medical treatment and incurred medical expenses that

12   were covered under the terms of the policy.

13   ### FIRST CAUSE OF ACTION

14   **Breach of Written Contract / Contractual Duty to Pay a Covered Claim (Against all**

15   **Defendants and DOES 1-50, inclusive, and each of them)**

16       7.    Plaintiff realleges as though fully set forth at length and incorporates herein by

17   reference all of the allegations and statements contained in the paragraphs above.

18       8.    Plaintiff, as a covered person under the policy with GARLAND CONNECT, LLC,

19   and Defendants entered into written agreement(s) whereby plaintiff agreed to pay insurance

20   premiums to the defendants.  In exchange, defendants promised to provide health insurance

21   coverage pursuant to the terms of the policy.  The policy had been renewed for all dates and was in

22   effect for all dates of the health/medical treatment at issue.

23       9.    Plaintiff has performed all conditions, covenants and promises required by him on

24   his part to be performed in accordance with the terms and conditions of the policy.

25       10.   Plaintiff engaged in medical treatment and incurred medical expenses that were

26   covered under his insurance policy with Defendants.  After undergoing the health/medical

27   treatment and incurring the medical expenses outlined above, Plaintiff filed claims for benefits due

28   to him under the policy with Defendants.  Defendants were notified of the covered benefits as

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

- 4 -

1004434

1  required by the policy as well the amount of the covered benefits.  Defendants, and each of them,

2  wrongfully denied Plaintiff's claim for benefits under the policy.

3       11.   The acts of the defendants in withholding benefits to the plaintiff were a clear breach

4  of the written agreement(s) entered into among the parties.

5       12.   As a direct and proximate result of Defendants' breach of the written contract(s) /

6  contractual duties to pay a covered claim, Plaintiff has incurred medical expenses and other

7  damages that should have been paid under the policy, and has wrongfully been denied his policy

8  benefits, in an amount to be proven at the time of trial, which amount is in excess of $75,000, as

9  well as other additional foreseeable consequential and incidental damages in an amount to be

10  shown at the time of trial.

11                          **SECOND CAUSE OF ACTION**

12             **Breach of Implied Covenant of Good Faith and Fair Dealing**

13         **(Against Defendants and DOES 1-50, inclusive, and each of them)**

14       13.   Plaintiff realleges as though fully set forth at length and incorporates herein by

15  reference all of the allegations and statements contained in the paragraphs above.

16       14.   In every insurance policy there is an implied obligation of good faith and fair dealing

17  that neither the insurance company nor the insured will do anything to injure the right of the other

18  party to receive the benefits of the agreement.  To fulfill its obligation of good faith and fear

19  dealing, an insurance company must give at least as much consideration to the interests of the

20  insured as it gives to its own interests.

21       15.   Defendants owed Plaintiff a duty of good faith and fair dealing with respect to all

22  transactions and relationships arising under the policy.

23       16.   Defendants  unreasonably failed to pay the policy benefits owed to Plaintiff and have

24  breached their duty of good faith and fair dealing owed to Plaintiff in the following respects,

25  among others:

26          (a)   Acting unreasonably without proper cause in a manner that deprived

27  Plaintiff of the benefits of the policy;

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1    (b)  Denying payments to Plaintiff despite knowing Plaintiff's claim under the

2    policy to be valid;

3    (c)  Not attempting in good faith to evaluate Plaintiff's claim for coverage or

4    provide payments for said coverage under the provisions of the policy;

5    (d) Specifically denying in writing Plaintiff's request for benefits under the

6    policy without cause;

7    (e) Forcing the Plaintiff to hire attorneys and file a lawsuit in order to obtain

8    the benefits due to it;

9    (f)   Failing to acknowledge and act reasonably and promptly upon

10    communications with respect to claims arising under the policy;

11    (g)   Failing to adopt and implement reasonable standards for the prompt

12    investigation and processing of claims arising under insurance policy, such as Plaintiff's;

13    (h)  Failing to acknowledge Plaintiff's claim for benefits for an unreasonable

14    amount of time;

15    (i) Failing to affirm or deny the Plaintiff's claim within a reasonable time after

16    proof of loss requirements were completed and submitted by the plaintiff;

17    (j) Not attempting in good faith to effect a prompt, fair and equitable

18    settlement of Plaintiff's claim in which liability had become reasonably clear;

19    (k) Failing to provide promptly a reasonable explanation of the basis relied on

20    in the insurance policy, in relation to the facts or applicable law, for the denial of Plaintiff's

21    claims;

22    (l) engaging in conduct that was in violation of the provisions of California

23    Insurance Code section 790.03, which is herein incorporated by reference

24    17.   Plaintiff is informed and believes and thereupon alleges that Defendants have

25    breached the duty of good faith and fair dealing owed to the plaintiff by other acts and omissions

26    of which the plaintiff is presently unaware.  Plaintiff will seek leave of court to amend this

27    Complaint at such time as plaintiff discovers the other acts or omissions of said defendant

28    constituting said breach.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

- 6 -
COMPLAINT FOR DAMAGES

18.    The acts and omissions of Defendants were a substantial factor in causing Plaintiff harm.

19.    As a direct and proximate result of the conduct of defendants, as aforesaid, it became reasonably necessary for Plaintiff to hire counsel to obtain his benefits under the policy, and thereby incurred and continue to incur costs and attorneys' fees in an amount to be determined according to proof.

20.    As a direct and proximate result of Defendants' breach of the implied covenant, Plaintiff has lost and will continue to lose income, and interest, in the form of policy benefits, in an amount to be proven at the time of trial, which amount is in excess of $75,000, as well as other additional foreseeable consequential and incidental damages in an amount to be shown at the time of trial.

21.    As a direct and proximate result of Defendants' breach of the written contract(s) / contractual duties to pay a covered claim, Plaintiff has incurred medical expenses and other damages that should have been paid under the policy, and has wrongfully been denied his policy benefits, in an amount to be proven at the time of trial, which amount is in excess of $75,000, as well as other additional foreseeable consequential and incidental damages in an amount to be shown at the time of trial.

22.    Because the acts taken toward Plaintiff, as described above, were either committed by or authorized, ratified or otherwise approved by officers, directors or managing agents of these defendants and were carried out in a deliberate, cold, callous, intentional and/or unreasonable manner, causing injury and damage to plaintiff, and done with conscious disregard of plaintiff's rights and with the intent to vex, injure and annoy plaintiff, such as to constitute oppression, fraud or malice under <u>California Civil Code</u>, section 3294, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish or set an example of said defendants.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1004434

### THIRD CAUSE OF ACTION

**Insurance Bad Faith (First Party)**

**(Against Defendants and DOES 1-50, inclusive, and each of them)**

23.    Plaintiff realleges as though fully set forth at length and incorporates herein by reference all of the allegations and statements contained in the paragraphs above.

24.    When investigating Plaintiff's claims, Defendants had a duty to diligently search for and consider evidence that supported coverage of the claimed treatment.

25.    Plaintiff is informed and believes and thereupon alleges that Defendants failed to conduct a full, fair, prompt, and through investigation of all of the bases of Plaintiff's claim.

26.    Plaintiff is informed and believes and thereupon alleges that Defendants' conduct was in violation of California Insurance Code section 790.03, which is incorporated herein by reference.

27.    Plaintiff suffered harm as set forth herein and Defendants' conduct was a substantial factor in causing that harm.

28.    As a direct and proximate result of Defendants' conduct, Plaintiff has lost and will continue to lose income, and interest, in the form of policy benefits, in an amount to be proven at the time of trial, which amount is in excess of $75,000, as well as other additional foreseeable consequential and incidental damages in an amount to be shown at the time of trial.

29.    As a direct and proximate result of Defendants' breach of the written contract(s) / contractual duties to pay a covered claim, Plaintiff has incurred medical expenses and other damages that should have been paid under the policy, and has wrongfully been denied his policy benefits, in an amount to be proven at the time of trial, which amount is in excess of $75,000, as well as other additional foreseeable consequential and incidental damages in an amount to be shown at the time of trial.

30.    Because the acts taken toward Plaintiff, as described above, were either committed by or authorized, ratified or otherwise approved by officers, directors or managing agents of these defendants and were carried out in a deliberate, cold, callous, intentional and/or unreasonable manner, causing injury and damage to plaintiff, and done with conscious disregard of plaintiff's

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1004434

1  rights and with the intent to vex, injure and annoy plaintiff, such as to constitute oppression, fraud

2  or malice under California Civil Code, section 3294, plaintiff requests the assessment of punitive

3  damages against defendants in an amount appropriate to punish or set an example of said

4  defendants.

5

6              WHEREFORE, plaintiff prays judgment against defendants, and each of them, as

7  follows:

8           1.    For the policy benefits, past and future;

9           2.    For premiums paid under the policy;

10          3.    For attorneys' fees incurred in securing amounts due under said policy of

11  insurance;

12          4.    For general damages in an amount as will be shown pursuant to California

13  Code of Civil Procedure section 425.10, which amount is in excess of $75,000, according to proof;

14          5.    For punitive damages in an amount appropriate to punish or set an example of

15  defendants;

16          6.    For prejudgment interest, according to proof;

17          7.    For costs of suit incurred herein; and

18          8.    For such other and further relief as the Court may deem necessary and proper.

19

20  DATED:  November 9, 2021        GREENE BROILLET & WHEELER, LLP

21

22

23  SCOTT H. CARR
CHRISTIAN T.F. NICKERSON
Attorneys for Plaintiff

24

25

26

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

- 9 -
COMPLAINT FOR DAMAGES

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.


DATED:  November 9, 2021          GREENE BROILLET & WHEELER, LLP


_____
SCOTT H. CARR
CHRISTIAN T.F. NICKERSON
Attorneys for Plaintiff

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1004434

Electronically FILED by Superior Court of California, County of Los Angeles on 11/12/2021 09:59 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Lara, Deputy Clerk

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Scott H. Carr, Esq. (SBN 15664) Christian Nickerson, Esq. (SBN 281084)<br>222 N. Pacific Coast Highway, Suite 2100<br>El Segundo, CA 90245<br>TELEPHONE NO.: 310.576.1200   FAX NO. *(Optional):* 310.576.1220<br>E-MAIL ADDRESS: scarr@gbw.law<br>ATTORNEY FOR *(Name):* Plaintiff Jason Warner | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Jason Warner v. Health Net of California, Inc., et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 21STCV41356 |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☒ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Fraud (16) | ☐ Residential (32) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Other petition *(not specified above)* (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 9, 2021

Christian Nickerson, Esq.
(TYPE OR PRINT NAME) ▶ *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

American LegalNet, Inc.
www.FormsWorkFlow.com

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE:<br>Jason Warner v. Health Net of California, Inc., et al. | CASE NUMBER<br>21STCV41356 |
| --- | --- |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Jason Warner v. Health Net of California, Inc., et al. | 21STCV41356 |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☒ A6015 Insurance Coverage (not complex) | 1 ② 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4



| SHORT TITLE:<br>Jason Warner v. Health Net of California, Inc., et al. | CASE NUMBER<br>21STCV41356 |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE:<br>Jason Warner v. Health Net of California, Inc., et al. | CASE NUMBER<br>21STCV41356 |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>1200 W. 7th Street, LL3-MMR |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90017 |
|---|---|---|

**Step 5:** **Certification of Assignment**: I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 11.09.21 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.


American LegalNet, Inc.
www.FormsWorkFlow.com

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/10/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV41356 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Maurice A. Leiter | 54 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/10/2021
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 11/10/2021 11:54 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Lara, Deputy Clerk

**GREENE BROILLET & WHEELER, LLP**
LAWYERS
222 N. PACIFIC COAST HIGHWAY, SUITE 2100
P.O. BOX 955
EL SEGUNDO, CALIFORNIA 90245
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

SCOTT H. CARR, SBN 156664 (scarr@gbw.law)
CHRISTIAN T. F. NICKERSON, SBN 281084 (cnickerson@gbw.law)

Attorneys for ___Plaintiffs___

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JASON WARNER, an individual,<br><br>                              Plaintiff,<br><br>vs.<br><br>HEALTH NET OF CALIFORNIA, INC. a corporation; HEALTH NET LIFE INSURANCE COMPANY; and DOES 1 through 50, inclusive,<br><br>                              Defendants. | CASE NO. 21STCV41356<br><br>NOTICE OF CHANGE OF ADDRESS<br><br>Complaint filed: November 10, 2021 |

TO THE COURT AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that GREENE BROILLET & WHEELER, LLP, counsel for plaintiff(s), will has moved to a new location:

GREENE BROILLET & WHEELER, LLP

222 No. Pacific Coast Highway, Suite 2100

El Segundo, CA 90245

NOTE: OUR MAILING ADDRESS WILL BE: P. O. Box 955, El Segundo, CA 90245.

All phone and fax numbers will remain the same.

[1006682]

1   DATED: November 10, 2021                GREENE BROILLET & WHEELER, LLP

2

3   _____

4                                           Christian Nickerson, Esq.
                                            Attorneys for Plaintiff(s)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[1006682]

- 2 -
Notice of Change of Address

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )      FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING      )
FOR CIVIL                                              )
                                                              )
                                                              )
                                                              )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

**2**

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

1   5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2   Electronic filing service providers must obtain and manage registration information for persons

3   and entities electronically filing with the court.

4   6) TECHNICAL REQUIREMENTS

5   a) Electronic documents must be electronically filed in PDF, text searchable format when

6   technologically feasible without impairment of the document's image.

7   b) The table of contents for any filing must be bookmarked.

8   c) Electronic documents, including but not limited to, declarations, proofs of service, and

9   exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10  3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked

11  item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12  bookedmarked item and briefly describe the item.

13  d) Attachments to primary documents must be bookmarked. Examples include, but are not

14  limited to, the following:

15  i)   Depositions;

16  ii)  Declarations;

17  iii) Exhibits (including exhibits to declarations);

18  iv)  Transcripts (including excerpts within transcripts);

19  v)   Points and Authorities;

20  vi)  Citations; and

21  vii) Supporting Briefs.

22  e) Use of hyperlinks within documents (including attachments and exhibits) is strongly

23  encouraged.

24  f) Accompanying Documents

25  Each document acompanying a single pleading must be electronically filed as a separate

26  digital PDF document.

27  g) Multiple Documents

28  Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

    a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

    b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

        i) Any printed document required pursuant to a Standing or General Order;

        ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

        iii) Pleadings and motions that include points and authorities;

        iv) Demurrers;

        v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

        vi) Motions for Summary Judgment/Adjudication; and

        vii) Motions to Compel Further Discovery.

    c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

    a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

    b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

---

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

   The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

   *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:            FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                           (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):  
ATTORNEY FOR (Name):  FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)  
LASC Approved 04/11  
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**        **FAX NO. (Optional):**<br>**E-MAIL ADDRESS (Optional):**<br>**ATTORNEY FOR (Name):** | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**

**PLAINTIFF:**

**DEFENDANT:**

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | **CASE NUMBER:** |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____          _____
                                                            JUDICIAL OFFICER

# FILED

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | )<br>)<br>)<br>)<br>)<br>) | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_          _Carolyn B. Kuhl_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

 CT Corporation

**Service of Process Transmittal**
11/12/2021
CT Log Number 540577446

TO:     Juliet Grimson
        Health Net, Inc.
        21281 BURBANK BLVD STE 106
        WOODLAND HILLS, CA 91367-6607

RE:     **Process Served in California**

FOR:    Health Net Of California, Inc.   (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JASON WARNER, an individual, // To: Health Net Of California, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV41356 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/12/2021 at 01:44 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/13/2021, Expected Purge Date: 11/18/2021 |
| | Image SOP |
| | Email Notification, Susan Mcconnell  susan.mcconnell@centene.com |
| | Email Notification, Juliet Grimson  Juliet.L.Grimson@healthnet.com |
| | Email Notification, Pam Peterson  ppeterson@centene.com |
| | Email Notification, Millie Roman  millie.roman@wellcare.com |
| | Email Notification, Kenia Arauz  kenia.y.arauz@centene.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)

 CT Corporation

**Service of Process Transmittal**
11/12/2021
CT Log Number 540577446

**TO:**   Juliet Grimson
Health Net, Inc.
21281 BURBANK BLVD STE 106
WOODLAND HILLS, CA 91367-6607

**RE:**   **Process Served in California**

**FOR:**   Health Net Of California, Inc.  (Domestic State: CA)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Fri, Nov 12, 2021

**Server Name:**       William Umana

| | |
|---|---|
| Entity Served | HEALTH NET OF CALIFORNIA, INC. |
| Case Number | 21STCV41356 |
| Jurisdiction | CA |



Electronically FILED by Superior Court of California, County of Los Angeles on 11/10/2021 11:54 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Lara, Deputy Clerk

21STCV41356

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HEALTH NET OF CALIFORNIA, INC. a corporation; HEALTH NET LIFE
INSURANCE COMPANY; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JASON WARNER, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Los Angeles 111 N. Hill Street Los Angeles 90012 Stanley Mosk | CASE NUMBER: *(Número del Caso):* 21STCV41356 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott H. Carr, Esq. (SBN 15664) Christian Nickerson, Esq. (SBN 281084) 310.576.1200 310.576.1220
Greene Broillet & Wheeler LLP
222 N. Pacific Coast Highway, Suite 2100, El Segundo, CA 90245

| DATE: 11/10/2021 *(Fecha)* Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by *(Secretario)* | J. Lara | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* HEALTH NET OF CALIFORNIA, INC., a California corporation
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
American LegalNet, Inc.
www.FormsWorkflow.com
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 11/10/2021 06:15 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. R. Clifton, Deputy Clerk 21STCV41356

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Maurice Leiter

1

**GREENE BROILLET & WHEELER, LLP**
LAWYERS
100 WILSHIRE BOULEVARD, SUITE 2100
P.O. BOX 2131
SANTA MONICA, CALIFORNIA 90407-2131
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

2

3

SCOTT H. CARR, SBN 156664 (scarr@gbw.law)
CHRISTIAN T. F. NICKERSON, SBN 281084 (cnickerson@gbw.law)

4

5

Attorneys for __Plaintiffs__

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF LOS ANGELES

10

11

JASON WARNER, an individual,

CASE NO. 21STCV41356

12

Plaintiff,

COMPLAINT FOR DAMAGES

13

vs.

14

HEALTH NET OF CALIFORNIA, INC. a corporation; HEALTH NET LIFE INSURANCE COMPANY; and DOES 1 through 50, inclusive,

1. **Breach of Written Contract / Contractual Duty to Pay a Covered Claim**
2. **Breach of the Implied Covenant of Good Faith and Fair Dealing**
3. **Insurance Bad Faith (First Party)**

15

16

Defendants.

17

18

19

COMES NOW the plaintiff, JASON WARNER, and for causes of action against

20

DEFENDANT HEALTH NET OF CALIFORNIA, INC. a corporation, HEALTH NET LIFE

21

INSURANCE COMPANY, and DOES 1 through 50, inclusive, and each of them, complains and

22

alleges as follows:

23

**GENERAL ALLEGATIONS**

24

1.     The true names and/or capacities, whether individual, corporate, associate or

25

otherwise, of defendants and DOES 1 through 50, inclusive, are unknown to plaintiff, who

26

therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes, and

27

thereupon alleges, that each defendant fictitiously named herein as a DOE was legally responsible,

28

negligently or in some other actionable manner, for the events and happenings, or lack thereof,

- 1 -
COMPLAINT FOR DAMAGES

1004434

1   hereinafter referred to, and thereby proximately caused the injuries and damages to plaintiff as

2   hereinafter alleged.  Plaintiff will seek leave of court to amend this Complaint to insert the true

3   names and/or capacities of such fictitiously named defendants when the same have been

4   ascertained.

5       2.      Plaintiff is informed and believes and thereupon alleges that at all times mentioned

6   herein, defendants, and each of them, including DOES 1 through 50, inclusive, were the agents,

7   servants, employees and/or joint venturers of their co-defendants, and were as such acting within

8   the course, scope and authority of said agency, employment and/or venture, and that each and

9   every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring

10  of each and every other defendant as an agent, employee and/or joint venturer, and that each and

11  every defendant has ratified and approved the acts of his or her agents, employees and/or joint

12  venturers by and through its officers, directors and/or managing agents.

13      3.      Plaintiff JASON WARNER is an individual who lives in the County of Los Angeles,

14  State of California.  Plaintiff JASON WARNER was a covered person under an insurance

15  contract/policy that GARLAND CONNECT, LLC had with Defendants.

16      4.      Plaintiff is informed and believes and thereupon alleges that at all times mentioned

17  herein, defendant HEALTH NET OF CALIFORNIA, INC. ("HEALTH NET CA") was and now

18  is a California corporation with its principal place of business located at 21271 Burbank Blvd.,

19  Woodland Hills, CA 91367.  Plaintiff is informed and believes and thereupon alleges that

20  HEALTH NET CA is organized and existing under and by virtue of the laws of the State of

21  California, and that said defendant was and now is authorized to do, has regularly done, and is

22  doing the business of insurance in the State of California, and that said defendant was regularly

23  and systematically conducting the business of insurance in the State of California under and by

24  virtue of the laws of the State of California.  Thus, HEALTH NET CA was and is subject to the

25  jurisdiction of this Court.  Said defendant purposely availed itself of the privileges of conducting

26  business activities in the State of California, including, but not limited to, writing a policy and

27  entering into an insurance contract/polucy in California with GARLAND CONNECT, LLC.

28  Plaintiff JASON WARNER was a covered person under that insurance contract/policy.  That

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

- 2 -
COMPLAINT FOR DAMAGES

policy covered various risks, losses, and damages that could have occurred in California, and, did in fact occur in California. Said Defendant also purposely avails itself of the privileges of conducting business activities and transactions with California by placing their insurance products into the stream of commerce with the expectation that they will be purchased and used by consumers in California. Indeed, the insurance contract that was breached by HEALTH NET CA was delivered in California, the premiums were sent from California, and the insured Plaintiff is a resident of the State of California. Plaintiff is further informed and believes and thereupon alleges that there is a substantial nexus between Defendants' California activities and the acts complained of herein, and that the suit is based on a contract that has a substantial connection with the State of California. The controversy at issue relates to and/or arises out of Defendant's contacts with the State of California and California's jurisdiction over said Defendant in this action comports with fair play and substantial justice.

5. Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, defendant HEALTH NET LIFE INSURANCE COMPANY ("HEALTH NET LIFE") was and now is a California corporation with its principal place of business located at 21271 Burbank Blvd., Woodland Hills, CA 91367. Plaintiff is informed and believes and thereupon alleges that HEALTH NET LIFE is organized and existing under and by virtue of the laws of the State of California, and that said defendant was and now is authorized to do, has regularly done, and is doing the business of insurance in the State of California, and that said defendant was regularly and systematically conducting the business of insurance in the State of California under and by virtue of the laws of the State of California. Thus, HEALTH NET LIFE was and is subject to the jurisdiction of this Court. Said defendant purposely availed itself of the privileges of conducting business activities in the State of California, including, but not limited to, writing a policy and entering into an insurance contract/policy in California with GARLAND CONNECT, LLC (GROUP ID: DKZ80A, COVERAGE CODE: 2V36). Plaintiff JASON WARNER was a covered person under that insurance contract/policy. That policy covered various risks, losses, and damages that could have occurred in California, and, did in fact occur in California. Said Defendant also purposely avails itself of the privileges of conducting business activities and

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1004434

1    transactions with California by placing their insurance products into the stream of commerce with

2    the expectation that they will be purchased and used by consumers in California.  Indeed, the

3    insurance contract that was breached by HEALTH NET LIFE was delivered in California, the

4    premiums were sent from California, and the insured Plaintiff is a resident of the State of

5    California.   Plaintiff is further informed and believes and thereupon alleges that there is a

6    substantial nexus between Defendants' California activities and the acts complained of herein, and

7    that the suit is based on a contract that has a substantial connection with the State of California.

8    The controversy at issue relates to and/or arises out of Defendant's contacts with the State of

9    California and California's jurisdiction over said Defendant in this action comports with fair play

10   and substantial justice.

11        6.    Plaintiff underwent health / medical treatment and incurred medical expenses that

12   were covered under the terms of the policy.

### FIRST CAUSE OF ACTION

**Breach of Written Contract / Contractual Duty to Pay a Covered Claim (Against all**

**Defendants and DOES 1-50, inclusive, and each of them)**

16        7.    Plaintiff realleges as though fully set forth at length and incorporates herein by

17   reference all of the allegations and statements contained in the paragraphs above.

18        8.    Plaintiff, as a covered person under the policy with GARLAND CONNECT, LLC,

19   and Defendants entered into written agreement(s) whereby plaintiff agreed to pay insurance

20   premiums to the defendants.   In exchange, defendants promised to provide health insurance

21   coverage pursuant to the terms of the policy.  The policy had been renewed for all dates and was in

22   effect for all dates of the health/medical treatment at issue.

23        9.    Plaintiff has performed all conditions, covenants and promises required by him on

24   his part to be performed in accordance with the terms and conditions of the policy.

25        10.   Plaintiff engaged in medical treatment and incurred medical expenses that were

26   covered under his insurance policy with Defendants.   After undergoing the health/medical

27   treatment and incurring the medical expenses outlined above, Plaintiff filed claims for benefits due

28   to him under the policy with Defendants.  Defendants were notified of the covered benefits as

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

- 4 -

1004434

1    required by the policy as well the amount of the covered benefits. Defendants, and each of them,

2    wrongfully denied Plaintiff's claim for benefits under the policy.

3        11.   The acts of the defendants in withholding benefits to the plaintiff were a clear breach

4    of the written agreement(s) entered into among the parties.

5        12.   As a direct and proximate result of Defendants' breach of the written contract(s) /

6    contractual duties to pay a covered claim, Plaintiff has incurred medical expenses and other

7    damages that should have been paid under the policy, and has wrongfully been denied his policy

8    benefits, in an amount to be proven at the time of trial, which amount is in excess of $75,000, as

9    well as other additional foreseeable consequential and incidental damages in an amount to be

10   shown at the time of trial.

11                              **SECOND CAUSE OF ACTION**

12               **Breach of Implied Covenant of Good Faith and Fair Dealing**

13           **(Against Defendants and DOES 1-50, inclusive, and each of them)**

14       13.   Plaintiff realleges as though fully set forth at length and incorporates herein by

15   reference all of the allegations and statements contained in the paragraphs above.

16       14.   In every insurance policy there is an implied obligation of good faith and fair dealing

17   that neither the insurance company nor the insured will do anything to injure the right of the other

18   party to receive the benefits of the agreement. To fulfill its obligation of good faith and fear

19   dealing, an insurance company must give at least as much consideration to the interests of the

20   insured as it gives to its own interests.

21       15.   Defendants owed Plaintiff a duty of good faith and fair dealing with respect to all

22   transactions and relationships arising under the policy.

23       16.   Defendants  unreasonably failed to pay the policy benefits owed to Plaintiff and have

24   breached their duty of good faith and fair dealing owed to Plaintiff in the following respects,

25   among others:

26           (a)   Acting unreasonably without proper cause in a manner that deprived

27   Plaintiff of the benefits of the policy;

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

- 5 -

1004434

(b)  Denying payments to Plaintiff despite knowing Plaintiff's claim under the policy to be valid;

(c)  Not attempting in good faith to evaluate Plaintiff's claim for coverage or provide payments for said coverage under the provisions of the policy;

(d) Specifically denying in writing Plaintiff's request for benefits under the policy without cause;

(e) Forcing the Plaintiff to hire attorneys and file a lawsuit in order to obtain the benefits due to it;

(f)  Failing to acknowledge and act reasonably and promptly upon communications with respect to claims arising under the policy;

(g)  Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policy, such as Plaintiff's;

(h)  Failing to acknowledge Plaintiff's claim for benefits for an unreasonable amount of time;

(i) Failing to affirm or deny the Plaintiff's claim within a reasonable time after proof of loss requirements were completed and submitted by the plaintiff;

(j) Not attempting in good faith to effect a prompt, fair and equitable settlement of Plaintiff's claim in which liability had become reasonably clear;

(k) Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of Plaintiff's claims;

(l) engaging in conduct that was in violation of the provisions of California Insurance Code section 790.03, which is herein incorporated by reference

17.  Plaintiff is informed and believes and thereupon alleges that Defendants have breached the duty of good faith and fair dealing owed to the plaintiff by other acts and omissions of which the plaintiff is presently unaware.  Plaintiff will seek leave of court to amend this Complaint at such time as plaintiff discovers the other acts or omissions of said defendant constituting said breach.

**COMPLAINT FOR DAMAGES**

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1004434

18.   The acts and omissions of Defendants were a substantial factor in causing Plaintiff harm.

19.   As a direct and proximate result of the conduct of defendants, as aforesaid, it became reasonably necessary for Plaintiff to hire counsel to obtain his benefits under the policy, and thereby incurred and continue to incur costs and attorneys' fees in an amount to be determined according to proof.

20.   As a direct and proximate result of Defendants' breach of the implied covenant, Plaintiff has lost and will continue to lose income, and interest, in the form of policy benefits, in an amount to be proven at the time of trial, which amount is in excess of $75,000, as well as other additional foreseeable consequential and incidental damages in an amount to be shown at the time of trial.

21.   As a direct and proximate result of Defendants' breach of the written contract(s) / contractual duties to pay a covered claim, Plaintiff has incurred medical expenses and other damages that should have been paid under the policy, and has wrongfully been denied his policy benefits, in an amount to be proven at the time of trial, which amount is in excess of $75,000, as well as other additional foreseeable consequential and incidental damages in an amount to be shown at the time of trial.

22.   Because the acts taken toward Plaintiff, as described above, were either committed by or authorized, ratified or otherwise approved by officers, directors or managing agents of these defendants and were carried out in a deliberate, cold, callous, intentional and/or unreasonable manner, causing injury and damage to plaintiff, and done with conscious disregard of plaintiff's rights and with the intent to vex, injure and annoy plaintiff, such as to constitute oppression, fraud or malice under California Civil Code, section 3294, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish or set an example of said defendants.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

- 7 -
COMPLAINT FOR DAMAGES

1004434

### THIRD CAUSE OF ACTION

**Insurance Bad Faith (First Party)**

**(Against Defendants and DOES 1-50, inclusive, and each of them)**

23.    Plaintiff realleges as though fully set forth at length and incorporates herein by reference all of the allegations and statements contained in the paragraphs above.

24.    When investigating Plaintiff's claims, Defendants had a duty to diligently search for and consider evidence that supported coverage of the claimed treatment.

25.    Plaintiff is informed and believes and thereupon alleges that Defendants failed to conduct a full, fair, prompt, and through investigation of all of the bases of Plaintiff's claim.

26.    Plaintiff is informed and believes and thereupon alleges that Defendants' conduct was in violation of California Insurance Code section 790.03, which is incorporated herein by reference.

27.    Plaintiff suffered harm as set forth herein and Defendants' conduct was a substantial factor in causing that harm.

28.    As a direct and proximate result of Defendants' conduct, Plaintiff has lost and will continue to lose income, and interest, in the form of policy benefits, in an amount to be proven at the time of trial, which amount is in excess of $75,000, as well as other additional foreseeable consequential and incidental damages in an amount to be shown at the time of trial.

29.    As a direct and proximate result of Defendants' breach of the written contract(s) / contractual duties to pay a covered claim, Plaintiff has incurred medical expenses and other damages that should have been paid under the policy, and has wrongfully been denied his policy benefits, in an amount to be proven at the time of trial, which amount is in excess of $75,000, as well as other additional foreseeable consequential and incidental damages in an amount to be shown at the time of trial.

30.    Because the acts taken toward Plaintiff, as described above, were either committed by or authorized, ratified or otherwise approved by officers, directors or managing agents of these defendants and were carried out in a deliberate, cold, callous, intentional and/or unreasonable manner, causing injury and damage to plaintiff, and done with conscious disregard of plaintiff's

COMPLAINT FOR DAMAGES

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1004434

1   rights and with the intent to vex, injure and annoy plaintiff, such as to constitute oppression, fraud

2   or malice under California Civil Code, section 3294, plaintiff requests the assessment of punitive

3   damages against defendants in an amount appropriate to punish or set an example of said

4   defendants.

5

6          WHEREFORE, plaintiff prays judgment against defendants, and each of them, as

7   follows:

8          1.   For the policy benefits, past and future;

9          2.   For premiums paid under the policy;

10         3.   For attorneys' fees incurred in securing amounts due under said policy of

11  insurance;

12         4.   For general damages in an amount as will be shown pursuant to California

13  Code of Civil Procedure section 425.10, which amount is in excess of $75,000, according to proof;

14         5.   For punitive damages in an amount appropriate to punish or set an example of

15  defendants;

16         6.   For prejudgment interest, according to proof;

17         7.   For costs of suit incurred herein; and

18         8.   For such other and further relief as the Court may deem necessary and proper.

19

20  DATED:  November 9, 2021          GREENE BROILLET & WHEELER, LLP

21

22                                    _____
                                      SCOTT H. CARR
23                                    CHRISTIAN T.F. NICKERSON
                                      Attorneys for Plaintiff

24

25

26

27

28

- 9 -
COMMPLAINT FOR DAMAGES

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

1004434

1

## **DEMAND FOR TRIAL BY JURY**

2        Plaintiff hereby demands a trial by jury.

3

4    DATED:  November 9, 2021          GREENE BROILLET & WHEELER, LLP

5

6                                      _____
                                       SCOTT H. CARR
7                                      CHRISTIAN T.F. NICKERSON
                                       Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 2131
SANTA MONICA, CA 90407-2131

- 10 -
**COMPLAINT FOR DAMAGES**

Electronically FILED by Superior Court of California, County of Los Angeles on 11/12/2021 12:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Lara,Deputy Clerk

21STCV41356

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Scott H. Carr, Esq. (SBN 15664) Christian Nickerson, Esq. (SBN 281084)<br>222 N. Pacific Coast Highway, Suite 2100<br>El Segundo, CA 90245<br>TELEPHONE NO.: 310.576.1200    FAX NO. *(Optional):* 310.576.1220<br>E-MAIL ADDRESS: scarr@gbw.law<br>ATTORNEY FOR *(Name):* Plaintiff Jason Warner | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Jason Warner v. Health Net of California, Inc., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER:<br>21STCV41356 |
|---|---|---|---|---|
| ☒ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☒ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is    ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve          courts in other counties, states, or countries, or in a federal
   c. ☐ Substantial amount of documentary evidence            court
                                                            f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is    ☒ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 9, 2021

Christian Nickerson, Esq.
_____    ► _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkFlow.com

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                     **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. September 1, 2021]                      **CIVIL CASE COVER SHEET**          American LegalNet, Inc.      Page 2 of 2
                                                                                          www.FormsWorkFlow.com

| SHORT TITLE:<br>Jason Warner v. Health Net of California, Inc., et al. | CASE NUMBER<br>21STCV41356 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |


American LegalNet, Inc.<br>www.FormsWorkFlow.com

| SHORT TITLE:<br>Jason Warner v. Health Net of California, Inc., et al. | CASE NUMBER:<br>21STCV41356 |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☒ A6015 Insurance Coverage (not complex) | 1, ②, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |



**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**



American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Jason Warner v. Health Net of California, Inc., et al. | 21STCV41356 |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE:<br>Jason Warner v. Health Net of California, Inc., et al. | CASE NUMBER<br>21STCV41356 |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>1200 W. 7th Street, LL3-MMR |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90017 |
|---|---|---|

**Step 5:** **Certification of Assignment**: I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 11.09.21 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.


American LegalNet, Inc.<br>www.FormsWorkFlow.com

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/10/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV41356 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Maurice A. Leiter | 54 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/10/2021
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 11/10/2021 11:54 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Lara, Deputy Clerk

1

**GREENE BROILLET & WHEELER, LLP**
LAWYERS
222 N. PACIFIC COAST HIGHWAY, SUITE 2100
P.O. BOX 955
EL SEGUNDO, CALIFORNIA 90245
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

2

3

SCOTT H. CARR, SBN 156664 (scarr@gbw.law)

4

CHRISTIAN T. F. NICKERSON, SBN 281084 (cnickerson@gbw.law)

5

Attorneys for ___Plaintiffs_____

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF LOS ANGELES

10

11

JASON WARNER, an individual,

CASE NO. 21STCV41356

12

Plaintiff,

NOTICE OF CHANGE OF ADDRESS

13

14

vs.

Complaint filed: November 10, 2021

15

HEALTH NET OF CALIFORNIA, INC. a corporation; HEALTH NET LIFE INSURANCE COMPANY; and DOES 1 through 50, inclusive,

16

17

Defendants.

18

19

20

TO THE COURT AND ALL COUNSEL OF RECORD:

21

PLEASE TAKE NOTICE that GREENE BROILLET & WHEELER, LLP, counsel for plaintiff(s), will has moved to a new location:

22

GREENE BROILLET & WHEELER, LLP

23

222 No. Pacific Coast Highway, Suite 2100

24

El Segundo, CA 90245

25

NOTE: OUR MAILING ADDRESS WILL BE: P. O. Box 955, El Segundo, CA 90245.

26

All phone and fax numbers will remain the same.

27

28

- 1 -

Notice of Change of Address

[1006682]

DATED: November 10, 2021

GREENE BROILLET & WHEELER, LLP

Christian Nickerson, Esq.
Attorneys for Plaintiff(s)

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[1006682]

- 2 -
Notice of Change of Address

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
                                    )
                                    )
                                    )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

1    d) Documents in Related Cases

2        Documents in related cases must be electronically filed in the eFiling portal for that case type if

3        electronic filing has been implemented in that case type, regardless of whether the case has

4        been related to a Civil case.

5  3) **EXEMPT LITIGANTS**

6    a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7       from mandatory electronic filing requirements.

8    b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9       Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10      from filing documents electronically and be permitted to file documents by conventional

11     means if the party shows undue hardship or significant prejudice.

12 4) **EXEMPT FILINGS**

13    a) The following documents shall not be filed electronically:

14       i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15           Civil Procedure sections 170.6 or 170.3;

16       ii)   Bonds/Undertaking documents;

17       iii)  Trial and Evidentiary Hearing Exhibits

18       iv)  Any ex parte application that is filed concurrently with a new complaint including those

19           that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20       v)    Documents submitted conditionally under seal. The actual motion or application shall be

21           electronically filed. A courtesy copy of the electronically filed motion or application to

22           submit documents conditionally under seal must be provided with the documents

23           submitted conditionally under seal.

24    b) Lodgments

25       Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26 paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27 //

28 //

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i) Depositions;

    ii) Declarations;

    iii) Exhibits (including exhibits to declarations);

    iv) Transcripts (including excerpts within transcripts);

    v) Points and Authorities;

    vi) Citations; and

    vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)    Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6         This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   <span>(INSERT DATE)</span>                          <span>(INSERT DATE)</span>
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                   FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_

5                                          Carolyn B. Kuhl, Supervising Judge of the
                                           Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 04/21
For Mandatory Use

**How to Arrange Mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm